IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH E. HAMRICK, II** ) | |
|     Petitioner, ) | Civil Action No. 13-20 Erie |
| ) | |
| v. ) | Magistrate Judge Susan Paradise Baxter |
| **WARDEN VESHECCO, et al.,** ) | |
|     Respondents. ) | |

## MEMORANDUM ORDER[1]

Petitioner, Joseph E. Hamrick, II, commenced this action in January of 2013 by filing a petition for a writ of habeas corpus and the $5.00 filing fee. [ECF No. 4]. He listed his address as the Erie County Prison, and that was entered on this Court's docket as his address of record. On January 31, 2013, the Court directed the United States Marshal to serve upon Respondents the petition and an Order that directed them to file an Answer.

The United States Marshal's Office subsequently sent a letter to Petitioner at his address of record requesting payment for service. On June 25, 2013, the United States Marshal's Office notified the Court that, as of that date, payment for service had not been received. As a result, the United States Marshal could not complete service in this case. [ECF No. 8].

By Order dated July 9, 2013, this Court issued an Order directing that, on or before July 29, 2013, Petitioner must show cause why this case should not be dismissed for failure to prosecute. The Order warned that Petitioner's failure to comply, would result in the dismissal of this action for

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

failure to prosecute. [ECF No. 9]. This Order was mailed to Petitioner at his address of record.[2] He did not comply with it and has not submitted anything with this Court since January.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

Weighing the Poulis factors to the extent appropriate, the Court concludes that dismissal of this case without prejudice is an appropriate sanction. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Since the filing of this case, Petitioner has not made the necessary steps to prosecute it. He has not cooperated with the United States Marshal so that service could be completed in this case. Therefore, this case cannot proceed. Petitioner is proceeding *pro se* and bears all of the responsibility for any failure in the prosecution of his claims. Although it is possible that Petitioner could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

---

[2] The Court had previously advised Petitioner that it was his responsibility to notify the Court of any change of address. [ECF No. 6].

Based upon all of the forgoing, **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute. The Clerk of Court shall mark it **CLOSED**.

Dated:  August 15, 2013                             /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge

Notice by first class mail to:

   Joseph E. Hamrick, II
   Erie County Prison
   1618 Ash Street
   Erie, PA 16503